PONDER, Justice
(dissenting).
I cannot agree with the majority opinion because I believe that Act 47 of 1900, as amended and re-enacted by Act 35 of 1904 and Act 130 of 1906 (repealing all laws in conflict therewith) only granted to the City of Monroe the right to erect and operate a gas and light plant and to fix the rates to be charged for that service and does not grant them the power to fix compulsory rates on privately owned public utilities.
I can see no material difference between these acts and the Lawrason Act. This Court in two cases held that the city did not under the Lawrason Act have the power to compulsorily fix rates. People’s Gas & Fuel Co. v. Louisiana Public Service Commission, 177 La. 722, 149 So. 435 and Gulf Public Service Company v. Louisiana Public Service Commission, 177 La. 911, 149 So. 517.
The grants of power to a city beyond those necessary for its properly functioning as a municipality are construed strictly and any reasonable doubt is resolved against the corporation. As was pointed out in City of Shreveport v. Southwestern Gas and Electric Company, 151 La. 864, 870, 92 So. 365, 367:
“Indeed, this power compulsorily to impose rates being a high attribute of sovereignty, not particularly needed by municipalities for properly functioning, and not usually delegated to them, its delegation could not well be held to have resulted unless from such terms as were positive or absolutely unmistakable.”
It is my opinion that these acts (Act 47 of 1900, as amended and re-enacted by Act 35 of 1904, and Act 130 of 1906) do not in unmistakable language grant such powers to the City of Monroe.
I respectfully dissent.